IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRET N. BOGENSCHNEIDER,

                ORDER

        Plaintiff,

                14-cv-743-bbc

      v.

KIMBERLY CLARK GLOBAL SALES, LLC,
and GODFREY & KAHN, S.C.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this lawsuit brought under the Sarbanes Oxley Act, 18 U.S.C. § 1514A(b)(1)(B), pro se plaintiff Bret Bogenschneider is alleging that defendant Kimberly Clark Global Sales, LLC fired him from his job as in-house counsel because he reported the company's tax fraud and that both defendants Kimberly Clark and Godfrey & Kahn, S.C. interfered with his ability to find new employment.  Now before the court is plaintiff's "motion for default judgement" under Fed. R. Civ. P. 55 on the ground that defendant Godfrey & Kahn did not file a timely response to his complaint.

      In its opposition brief, defendant argues that it was not required to answer the complaint because plaintiff did not properly serve it.  (Although both defendants joined the opposition brief, plaintiff's motion relates to Godfrey  & Kahn only, so I will refer to Godfrey & Kahn simply as "defendant" for the remainder of the opinion.). Alternatively, defendant argues that entering default judgment is not appropriate under the circumstances

of this case.

With respect to service, it is undisputed that plaintiff gave a copy of the summons and complaint to the receptionist at defendant's office. Defendant says that was not sufficient because the receptionist is not an officer, managing agent or registered agent authorized to accept service for defendant. Fed. R. Civ. P. 4(h)(1)(B) (plaintiff may serve corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process") .

In his opening brief, plaintiff argued that he did not have to comply with Rule 4 and that service under Rule 5 was sufficient. Although plaintiff did not develop the argument, I understand him to be saying that Rule 4 applies only to an "original complaint" and that he filed his original complaint with the Department of Labor in the 2012. However, he cited no authority for the view that an administrative complaint with a federal agency qualifies as a complaint under Rule 4. Because the Federal Rules of Civil Procedure govern the proceedings in federal district court rather than a federal agency, I decline to adopt plaintiff's view in the absence of controlling authority.

In his reply brief, plaintiff argued for the first time that his service of the summons and complaint complied with Rule 4. He cited <u>Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.</u>, 840 F.2d 685, 688-89 (9th Cir. 1988), in which the court held that service on a corporation's secretary may satisfy Rule 4's service requirements under some circumstances. Defendant did not have an opportunity to address <u>Direct Mail</u>

2

<u>Specialists</u> in its brief and neither side provides enough facts about defendant's receptionist to allow a determination whether plaintiff's service on the receptionist is sufficient under the standard applied in that case.

Even if I assume that plaintiff complied with Rule 4, I conclude that he is not entitled to a default judgment. The Court of Appeals for the Seventh Circuit has a "well established policy" for "favoring a trial on the merits over a default judgment." <u>Sun v. Board of Trustees of University of Ilinois</u>, 473 F.3d 799, 811-12 (7th Cir. 2007).   For this reason, a court may enter a default judgment "only when a party wilfully disregards pending litigation." <u>Id.</u>

In this case, the worst that could be said of defendant's conduct was that it applied an overly technical reading of Rule 4.  Since then, defendant has stated that it is waiving service and has filed a motion to dismiss for failure to state a claim upon which relief may be granted.  Dkt. #8.  Thus, this case is similar to <u>Parker v. Scheck Mechanical Corp.</u>, 772 F.3d 502, 505 (7th Cir. 2014), in which the court concluded that a default judgment was not warranted when the defendant made a mistake in context of accepting service but then acted quickly to make an appearance in the case once it discovered the mistake.  Particularly because plaintiff has not identified any prejudice that he has suffered as the result of any delay by defendant, I am denying his motion for a default judgment.

ORDER

IT IS ORDERED that plaintiff Bret Bogenschneider's motion for a default judgment, dkt. #3, is DENIED.

Entered this 14th day of January, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge